UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS,<br><br>           Plaintiff,<br><br>    v.<br><br>GOSAI, *et al.*,<br><br>           Defendants. | Case No.  2:20-cv-02303-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) FILE AN AMENDED COMPLAINT; OR<br><br>    (2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

    Plaintiff Daryl Anthony Hicks is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He has brought three separate and unrelated claims in his complaint.  First, he alleges that defendant Pendleton violated his due process and First Amendment rights when she searched his cell and destroyed his legal papers.  ECF No. 1 at 3. Second, he alleges that defendant Gosai violated his Eighth Amendment rights by sexually assaulting him during a strip search and violated his due process rights by filing false disciplinary

1

charges against him. *Id.* at 4. Finally, plaintiff alleges that defendant Miller violated his Eighth Amendment rights by placing him in a cell near a violent inmate. *Id.* at 5. The violent inmate eventually attacked and injured plaintiff. *Id.* These claims cannot proceed together; unrelated claims against multiple defendants belong in separate suits. *See* Federal Rule of Civil Procedure 20(a)(2). Plaintiff should file an amended complaint that contains only related claims. If he does not, I will recommend that parties be dropped as justice requires.

Plaintiff has also filed an application to proceed *in forma pauperis*, which, together with his trust fund account statement, makes the required showing and will be granted.[1]

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

---

[1] Plaintiff will pay the filing fee in accordance with the concurrently filed collection order.

1 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
2 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
3 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
4 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
5 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

As stated above, plaintiff's complaint contains three unrelated claims that cannot proceed in a single lawsuit. Whether defendant Pendleton violated his First Amendment right to access the courts during a cell search has no relation to whether defendant Gosai sexually assaulted him during a strip search. And neither of the foregoing claims are related to the claim that defendant Miller failed to protect plaintiff from another inmate. Plaintiff, as the master of his complaint, should decide which of his three unrelated claims should proceed in this suit. Misjoinder of parties is not grounds for dismissal of a suit, however. Fed. R. Civ. P. 21. If plaintiff chooses not to select a claim by way of an amended complaint, I may drop parties as justice requires so that this suit may proceed. *Id.*

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to

the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is granted.

2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   January 21, 2021                          _____
                                                   JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE