UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOSAI, *et al.*,<br><br>　　　　Defendants. | Case No. 2:20-cv-02303-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF ADVISE WHETHER HE WILL:<br><br>(1) PROCEED ONLY WITH HIS EIGHTH AMENDMENT SEXUAL HARASSMENT CLAIM AGAINST DEFENDANT GOSAI AND VOLUNTARILY DISMISS ALL OTHER CLAIMS; OR<br><br>(2) FILE A SECOND AMENDED COMPLAINT<br><br>ECF No. 11<br><br>SIXTY-DAY DEADLINE |

Plaintiff's Eighth Amendment sexual harassment claim against defendant Gosai is cognizable. His Sixth Amendment right to counsel claim, however, is not. Plaintiff must choose whether to proceed only with his Eighth Amendment claim or to file a second amended complaint.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff raises two claims against defendant Gosai. First, he alleges that Gosai violated his due process and Sixth Amendment rights when, after falsely claiming to have found contraband in plaintiff's cell, Gosai denied him legal representation at his disciplinary hearing. ECF No. 11 at 3. There is no right to counsel in prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974). And a false disciplinary citation does not, standing alone, amount to a constitutional violation. A prisoner's constitutional rights are violated by state disciplinary action only where the action deprives or restrains a state-created liberty interest in an 'unexpected manner,' or where the action imposes some "atypical and significant hardship on the

2

inmate in relation to the ordinary incidents of prison life." *See Ramirez v. Galaza*, 334 F.3d 850, 860-61 (9th Cir. 2003). Plaintiff does not allege that either of these scenarios occurred.

Plaintiff's second claim, that Gosai violated his Eighth Amendment rights by sexually assaulting him during a search, is cognizable and should proceed past screening. ECF No. 11 at 4.

As stated above, plaintiff must advise the court whether he wishes to proceed only with his Eighth Amendment claim or to file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will either drop parties as justice requires or recommend dismissal of this action for failure to follow court instructions.

Accordingly, it is ORDERED that:

1. Within sixty days from the service of this order, plaintiff must make a choice. He may advise me that he intends to proceed only with his Eighth Amendment claim against Gosai and voluntarily dismiss all other claims. Alternatively, he may submit a second amended complaint.

2. Failure to comply with this order may result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: June 21, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3