UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS, | Case No. 2:20-cv-02303-JDP (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PROCEED ON BOTH HIS SIXTH AND EIGHTH AMENDMENT CLAIMS |
| v. | |
| GOSAI, *et al.*, | ECF No. 16 |
| Defendants. | |

I previously screened plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A. I notified plaintiff that he had adequately alleged an Eighth Amendment claim against defendant Gosai, but that his Sixth Amendment claim was not adequately pled. ECF No. 13. I notified him that he could either proceed on his cognizable Eighth Amendment claim or file an amended complaint. *Id.* Plaintiff subsequently filed a motion to amend the complaint, ECF No. 14, which was granted, ECF No. 15. Rather than file an amended complaint, plaintiff has now filed a document styled as a petition for leave to file an addendum and to amend. ECF No. 16. In that filing he asks that he be allowed to proceed on both his Eighth and Sixth Amendment claims against Gosai. *Id.* He also requests that the court appoint him an investigator. *Id.*

1    As explained in the June 22, 2021 screening order, the amended complaint's allegations
2    that Gosai issued plaintiff a false disciplinary citation and denied him legal representation at his
3    disciplinary hearing are insufficient to state a Sixth Amendment claim.  ECF No. 13 at 2-3.  If
4    plaintiff wishes to pursue a Sixth Amendment claim, he must file a second amended complaint
5    that demonstrates that the false disciplinary citation deprived him of an interest in an "unexpected
6    manner" or resulted in an "atypical and significant hardship . . . in relation to the ordinary
7    incidents of prison life."  *See Ramirez v. Galaza*, 334 F.3d 850, 860-61 (9th Cir. 2003).[1]
8    Accordingly, plaintiff's motion to proceed on his Sixth and Eighth Amendment claims is denied.
9    However, I will grant him additional time to file an amended complaint so that he may attempt to
10   cure the deficiencies identified in the June 22 screening order.  Plaintiff is remined that his second
11   amended complaint must be complete on its face without reference to any prior pleading.  *See*
12   E.D. Cal. L.R. 220.  He is also warned that should he fail to timely file an amended complaint, I
13   will recommend that his Sixth Amendment claim be dismissed and that this case proceed only on
14   the first amended complaint's Eighth Amendment claim.

15   I will also deny plaintiff's motion as to his request for appointment of an investigator.
16   Although plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915 does not authorize the court
17   to require the government to pay the costs for expert fees or other costs.  *Hadsell v. Internal*
18   *Revenue Service*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir
19   1993); *Brown v. Johnson & Johnson, Inc.*, Case No. 1:17-cv-01285-AWI-EPF, 2018 WL
20   5734531, *2-3 (E.D. Cal. Oct. 31, 2018) (holding that "the Court is without authority to appoint
21   an investigator or researcher to assist Plaintiff.").

22   Accordingly, it is hereby ORDERED that:
23   1. Plaintiff's motion, ECF No. 16, is denied.
24   2. Plaintiff is granted thirty days from the date of this order in which to file a second
25   amended complaint.

---

[1] Although plaintiff is free to file an amended complaint that asserts a Sixth Amendment claim based on the denial of legal representation, he is reminded that the Sixth Amendment right to counsel does not extend to prison disciplinary decisions. *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974).

2

3. Plaintiff is warned that failure to file a second amended complaint within thirty days will result in a recommendation that his Sixth Amendment claim be dismissed.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   November 1, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3