UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS,<br><br>   Plaintiff,<br><br>   v.<br><br>GOSAI, *et al.*,<br><br>   Defendants. | No.  2:20-cv-02303-DJC-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 54 |

      Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  Plaintiff moves for the appointment of counsel.  ECF No. 54.

      Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

1      Plaintiff moves for the appointment of counsel because he cannot afford to hire a lawyer, his ability to litigate is inhibited because he is incarcerated, and the issues are complex. ECF No. 54 at 1. While the challenges plaintiff identified are unfortunately common to many prisoners, he has not demonstrated exceptional circumstances warranting the appointment of counsel. The allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits.

      Accordingly, it is hereby ORDERED that plaintiff's motion for the appointment of counsel, ECF No. 54, is denied.

IT IS SO ORDERED.

Dated:   October 27, 2023                          _____
                                                   JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE

2