UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS,<br><br>             Plaintiff,<br><br>     v.<br><br>GOSAI, *et al.*,<br><br>             Defendants. | Case No.  2:20-cv-02303-DJC-JDP (PC)<br><br>**ORDER**<br><br>GRANTING DEFENDANTS' MOTION TO COMPEL AND MOTION TO MODIFY THE SCHEDULING ORDER, GRANTING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER, DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL, FOR SANCTIONS, AND DISREGARDING PLAINTIFF'S FILING AND DIRECTING THE CLERK OF COURT TO SEND PLAINTIFF A COPY OF THE FILING<br><br>ECF Nos. 61, 62, 64,65, 67, & 68 |

Pending before the court is defendants' motion to compel and motion to modify the scheduling order and plaintiff's motions to appoint counsel and for sanctions against defense counsel.[1]  ECF Nos. 61, 62, 64, & 65.  I will grant defendants' motions and order plaintiff to

---

[1] Plaintiff has also filed a document titled, "Notice to Compel Discovery."  ECF No. 68. Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.  Discovery requests between the parties shall not be filed with the court unless and until those requests are at issue.

provide discovery responses within twenty-one days of this order. Plaintiff's motions are denied for the reasons stated below.

## Motion to Modify

Both parties move to modify the scheduling order by extending both the time to complete discovery and file dispositive motions by sixty days. ECF Nos. 65 & 67. Good cause appearing, both motions are granted. The new discovery deadline is June 26, 2024, and the dispositive motion deadline is September 6, 2024.

## Motion to Compel

The July 5, 2023 discovery and scheduling order set the deadline for completing all discovery as December 8, 2023. ECF No. 53. Since then, the scheduling order has been modified three times to allow plaintiff additional time to response to defendants' discovery requests. Now, despite these extensions, defendants claim that plaintiff still has not responded to discovery propounded in October 2023. As a result of plaintiff's nonengagement, defendants move to compel. ECF No. 61. Plaintiff has not filed a statement of non-opposition or opposition. In light of plaintiff's repeated failures to provide defendants with discovery responses and his non-opposition to defendants' motion, I will grant defendants' motion to compel and order plaintiff to provide discovery responses within twenty-one days of this order.

Plaintiff's repeated failure to respond to discovery request is troubling, especially given the fast-approaching dispositive motion deadline, which is now September 6, 2024. Each party has an obligation in litigation to respond to properly propounded discovery requests. And if a party chooses to ignore that obligation, the court has the authority to impose certain sanctions—including dismissal. Fed. R. Civ. P. 37(d)(1)(A), (d)(3). While I am cognizant of challenges that prisoner-plaintiffs face, plaintiff's pro se status does not excuse intentional noncompliance with discovery rules and court orders. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (affirming sanction of dismissal, holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that district court could not

decline to impose any sanction for violation of Fed. R. Civ. P. 11 simply because plaintiff was proceeding pro se).

Plaintiff is cautioned that if he does not submit responses to defendants' outstanding discovery within twenty-one days of this order's entry, I may consider a sanction of dismissal appropriate. *See Gordon v. Cnty. of Alameda*, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("[P]ro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted.").

**Motion to Appoint Counsel**

Plaintiff does not have a constitutional right to appointed counsel, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff argues that he believes it was unlawful for him to be deposed without the appointment of counsel. ECF No. 62. He also notes that defense counsel sent him a copy of the deposition transcript, but requests that the court send him the video recording of the deposition.[2]

I cannot find that the appointment of counsel is warranted here. The allegations in the complaint are not exceptionally complicated and plaintiff has not demonstrated that he is likely to succeed on the merits. The motion is denied.

**Motion for Sanctions**

Plaintiff requests that sanctions be brought against defense counsel "for not ordering

---

[2] The court does not have access to the recorded deposition.

3

counsel to be appointed." This is not a ground warranting the imposition of sanctions. The motion is denied.

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to compel is, ECF No. 61, is granted. Plaintiff is ordered to provide discovery responses within twenty-one days of this order.
2. Plaintiff's motion to appoint counsel, ECF No. 62, is denied.
3. Plaintiff's motion for sanctions, ECF No. 64, is denied.
4. Plaintiff's and defendants' motions to modify the scheduling order, ECF Nos. 65 & 67, are granted. The deadline to complete discovery is June 26, 2024, and the deadline to file dispositive motions is September 6, 2024.
5. Plaintiff's discovery request, ECF No. 68, is disregarded.
6. The Clerk of Court is directed to make a one-time custody copy of plaintiff's filing at ECF No. 68 and serve it, along with this order, on plaintiff.

IT IS SO ORDERED.

Dated: June 4, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4