1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    DARYL ANTHONY HICKS,                      Case No.  2:20-cv-2303-DC-JDP (P)

12                   Plaintiff,

13           v.                                 ORDER

14    GOSAI, *et al.*,

15                   Defendants.

16

17

18          Plaintiff Daryl Hicks is a state prisoner proceeding pro se and *in forma pauperis* in this

19    civil rights action pursuant to 42 U.S.C. § 1983.  Defendants move for terminating sanctions for

20    plaintiff's failure to comply with the court's June 5, 2024 order compelling him to respond to

21    defendants' discovery requests.  ECF No. 72.  Plaintiff has filed an opposition, ECF No. 74, and

22    defendants have filed a reply, ECF No. 75.  For the reasons stated below, defendants' motion is

23    denied.

24                                      **Background**

25          The July 5, 2023 discovery and scheduling order set the deadline for completing all

26    discovery as December 8, 2023.  ECF No. 53.  On October 6, 2023, defendants propounded on

27    plaintiff discovery requests.  ECF No. 72-1 at 1-2.  After receiving no response from plaintiff,

28

                                              1

defense counsel provided plaintiff with an unsolicited extension of time to November 30, 2023. *Id.* at 2.  Defendants did not receive responses from plaintiff by his deposition on December 7, 2023.  *Id.*  Due to technical difficulties, the deposition did not go forward that day, but on the record, plaintiff told defense counsel that he received the discovery requests and would provide responses.  *Id.*  Defense counsel sent plaintiff a letter on December 13, 2023, which provided plaintiff with another extension to January 18, 2024, to serve his responses.  *Id.*  On January 8, 2024, plaintiff filed with the court a document titled "Response of Deposition," however, the document did not contain discovery responses.  *Id.* at 3; *see* ECF No. 58.  At plaintiff's rescheduled deposition on January 18, 2024, plaintiff agreed to provide discovery responses. ECF No. 72-1 at 3.  On February 14, 2024, after defendants had not received responses from plaintiff, defense counsel sent plaintiff another meet and confer letter, which provided plaintiff another week to file his responses.  *Id.*

After not receiving any correspondence from plaintiff about his outstanding discovery responses, defendants filed a motion to compel on March 11, 2024.  ECF No. 61.  Plaintiff did not file an opposition or statement of non-opposition.  In light of plaintiff's numerous extensions of time and his repeated failure to engage in discovery, the court granted defendants' motion and ordered plaintiff to provide discovery responses within twenty-one days of June 5, 2024.  ECF No. 71.

In that order, the court reminded plaintiff that each party has an obligation in litigation to respond to properly propounded discovery requests and if a party chooses to ignore that obligation, the court has the authority to impose certain sanctions—including dismissal.  Fed. R. Civ. P. 37(d)(1)(A), (d)(3).  The court also informed plaintiff that his pro se status does not excuse intentional noncompliance with discovery rules and court orders.  *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (affirming sanction of dismissal, holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery"); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that district court could not decline to impose any sanction for violation of Fed. R. Civ. P. 11 simply because plaintiff was proceeding pro se).  Finally, the court indicated that should

1  plaintiff fail again to engage productively in the discovery process, it would consider the sanction

2  of dismissal.  *See Gordon v. Cnty. of Alameda*, 2007 WL 1750207, at *5 (N.D. Cal. June 15,

3  2007) ("[P]ro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad

4  faith dismissal is warranted.").

5  **Motion for Terminating Sanctions**

6       Defendants request terminating sanctions against plaintiff for his failure to respond to

7  their discovery requests.  Federal Rule of Civil Procedure 37(b) provides that a party may be

8  sanctioned for not obeying a discovery order.  Defendants argue that plaintiff should be

9  sanctioned for his failure to comply with the court's June 5, 2024 order compelling plaintiff to

10  respond to defendants' discovery requests.

11       It is unclear whether plaintiff willfully disobeyed the June 5 order.  Plaintiff argues in his

12  opposition that he mailed discovery responses on July 2 and 9, 2024.  ECF No. 74 at 1.  And

13  defense counsel acknowledges that he received documents purporting to be plaintiff's responses

14  to defendants' discovery on July 15 and 22, 2024.  ECF No. 75-1 at 2.  Defendants' motion to

15  compel was premised on plaintiff's complete failure to respond to defendants' discovery requests.

16  The court granted defendants' motion to compel on that basis and ordered plaintiff to respond to

17  defendants' discovery requests.  The parties agree that plaintiff has, albeit untimely, responded to

18  defendants' discovery requests.  Therefore, the court finds that plaintiff complied sufficiently

19  with the June 5 order.

20       Despite plaintiff's newfound compliance, defendants argue that terminating sanctions are

21  warranted because plaintiff's responses are deficient.  ECF No. 75 at 3.  Whether plaintiff's

22  responses are sufficient for the purpose of responding to defendants' discovery requests is a

23  separate issue and one that defendants only raised in their reply.  Defendants have not filed a

24  motion to compel arguing that plaintiff's responses were deficient.  Regardless of whether

25  plaintiff's responses are deficient, the only issue raised in defendants' motion for terminating

26  sanctions is whether plaintiff obeyed the June 5 order.  At this juncture, the court is satisfied that

27  have plaintiff has engaged in the discovery process.

28       However, in light of defendants' position that plaintiff's responses are deficient, the court

1    will grant defendants time to review plaintiff's responses and prepare a motion to compel, if

2    necessary.  Defendants shall inform the court, within fifteen days of service of this order, whether

3    they intend to file a motion to compel.

4           Accordingly, it is hereby ORDERED that:

5       1. Defendants' motion for terminating sanctions, ECF No. 72, is denied.

6       2. Defendants shall notify the court within fifteen days of service of this order whether

7    they intend to file a motion to compel.

8

9    IT IS SO ORDERED.

10

11    Dated:    November 6, 2024           _____

12                                        JEREMY D. PETERSON

13                                        UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28