UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS,<br><br>    Plaintiff,<br><br>    v.<br><br>GOSAI, *et al.*,<br><br>    Defendant. | Case No. 2:20-cv-2303-DC-JDP (P)<br><br>ORDER |

Pending before the court is defendant's motion to compel. ECF No. 82. Also pending is plaintiff's motion to appoint counsel and for a trial date. ECF No. 86. I will grant defendant's motion and order plaintiff to provide supplemental discovery responses within twenty-one days. I will deny plaintiff's motion to appoint counsel and for a trial date.

**Background**

This case has an extensive procedural background.[1] For context, plaintiff filed his original complaint in November 2020. ECF No. 1. Plaintiff's fourth amended complaint is operative, in which he alleges that defendant Gosai, a correctional officer, violated his Eighth Amendment

---

[1] For the sake of brevity, I discuss only the most relevant filings.

1

1  rights by sexually assaulting him.  ECF No. 32 at 2.  Plaintiff also alleges that defendant Ramme,
2  another correctional officer, stood by and did not intervene.  *Id.*

3    In July 2023, I issued a discovery and scheduling order setting the deadline to complete
4  discovery as December 8, 2023.  ECF No. 53.  Upon defendants' motion, I granted the parties a
5  45-day extension to complete discovery, re-setting the discovery deadline to January 22, 2024.
6  ECF No. 57.  Defendants again moved to extend the discovery deadline, and I also granted this
7  request, re-setting the deadline to April 22, 2024.  ECF No. 60.

8    On March 11, 2024, defendants moved to compel plaintiff's discovery responses, stating
9  that they had served discovery requests in October 2023, but plaintiff had yet to serve any
10 responses.  ECF No. 61.  In April 2024, defendants moved for a third time to extend the discovery
11 deadline.  ECF No. 65.  On June 5, 2024, I granted defendants' motion to compel and motion to
12 extend the discovery deadline.  ECF No. 71.  I set a new discovery deadline of June 26, 2024, and
13 set the dispositive motion deadline at September 6, 2024.  *Id.* at 2.  In my order granting
14 defendants' motion to compel, I warned plaintiff that failure to submit responses to defendants'
15 discovery requests within twenty-one days of the order's entry could result in sanctions.  *Id.* at 3.

16    In July 2024, defendants moved for terminating sanctions against plaintiff due to
17 plaintiff's continued noncompliance with discovery deadlines.  ECF No. 72.  I denied this motion,
18 noting that it was unclear whether plaintiff had willfully disobeyed my June 5 order, based on
19 plaintiff's response to defendants' motion.  ECF No. 79.  Ultimately, it appeared that plaintiff did
20 respond to defendants' discovery requests, although defendants contended that the responses were
21 insufficient.  *Id.* at 3.  Nevertheless, at that juncture, I was satisfied that plaintiff complied
22 sufficiently with my June 5 order to make terminating sanctions inappropriate.  *Id.*  I did inform
23 defendants that they could file a motion to compel based on any alleged insufficiencies in
24 plaintiff's responses.  *Id.* at 3-4.  Now pending before this court is such a motion.  ECF No. 82.

25                              **Motion to Compel**

26    Defendants move to compel plaintiff to provide supplemental discovery responses.  ECF
27 No. 82.  First, they argue that the following categories of responses by plaintiff to defendants'
28 requests for production of documents are insufficient—documents relating to: plaintiff's

                                    2

allegations (Requests Nos. 1-4, 7-8, 11-12, 14-17), plaintiff's claim that he properly exhausted his administrative remedies (Requests Nos. 5-6, 9), plaintiff's claim of damages (Requests Nos. 10, 13, 15-16), and documents relevant to defendants' defenses and plaintiff's motivation in filing suit (Requests Nos. 5-6, 9, 11, 17). *Id.* at 12. When answering Request No. 1, which asked plaintiff to produce documents that supported his allegations, plaintiff responded that defendants had access to these documents and suggested that they refer to those documents; plaintiff did not provide any additional information. *Id.* at 12. For the other identified requests for production, plaintiff responded with "See No. 1." *Id.* at 13. Defendants contend that plaintiff's responses are inadequate because his central and medical files are within his control, and that plaintiff has the ability to inspect and copy those records for his own use under *In re Olson*, 112 Cal Rptr. 579 (Cal. Ct. App. 1974). *Id.* at 13-14.

Next, defendants contend that plaintiff's responses to Interrogatories Nos. 1, 2, 7, 14, 15, 17, and 20 are deficient because his response was to direct defendants to look to plaintiff's central and medical files and his deposition testimony; apart from this, he did not provide substantive responses. *Id.* at 15. Defendants also argue that plaintiff's responses to Interrogatories Nos. 3 through 6, 8 through 13, 16, 18, 19, and 21 through 25 are deficient for the same reason. *Id.* at 17-19. As such, defendants move this court to compel plaintiff to provide sufficient responses to their discovery requests. *Id.* at 19.

Plaintiff opposes defendants' motion to compel. ECF No. 83. First, he contends that defendants' motion is "premature and unreasonable" because he requested two 45-day extensions of time to comply with defendants' discovery requests. *Id.* at 1. He also asserts that prison staff have disregarded his requests for an *Olson* review of his documents, and that this has hindered his ability to obtain the records defendants seek. *Id.*

In response, defendants assert that they have not received correspondence from plaintiff since July 2024, and that he has not asked them for any 45-day extensions. ECF No. 84 at 2. They additionally assert that they have contacted plaintiff's former prison to determine whether plaintiff was denied an *Olson* review, and that they have found no evidence to support that contention. *Id.* at 2. According to prison records, the last time plaintiff requested an *Olson*

1  review was in May 2022, and there was no record suggesting either that plaintiff had been denied
2  an *Olson* review or that he had requested a review to respond to defendants' requests. *Id.*
3  Defendants additionally note that plaintiff did not oppose their specific arguments, further
4  supporting their motion. *Id.* at 2-3. Finally, defendants ask for leave to file an additional
5  terminating sanctions motion. *Id.* at 3. They explain that plaintiff has not engaged in discovery
6  in over six months. *Id.* They further note that plaintiff has recently been paroled and failed to
7  give defendants an updated address.[2] *Id.*

8      I will grant defendant's motion to compel. Under Federal Rule of Civil Procedure 37, "a
9  party seeking discovery may move for an order compelling an answer, designation, production, or
10 inspection." Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the initial
11 burden of establishing that its requests are relevant, *see* Fed. R. Civ. P. 26(b)(1), but "[t]he party
12 who resists discovery has the burden to show that discovery should not be allowed, and has the
13 burden of clarifying, explaining, and supporting its objections." *See Blemaster v. Sabo*, No. 2:16-
14 CV-04557 JWS, 2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017) (quoting *DIRECTV, Inc. v.*
15 *Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

16     Parties are obligated to respond to interrogatories to the fullest extent possible under oath.
17 Fed. R. Civ. P. 33(b)(3). A responding party is typically not required to conduct extensive
18 research in order to answer an interrogatory, but reasonable efforts to respond must be made.
19 *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. 2007).
20 Further, the responding party has a duty to supplement any responses if the information sought is
21 later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

22     Under Federal Rule of Civil Procedure 34, "[t]he party to whom [a request for production]
23 is directed must respond in writing within 30 days after being served." Fed. R. Civ. P.
24 34(b)(2)(A). In responding to a request to produce documents, the responding party "must either
25 state that inspection and related activities will be permitted as requested or state with specificity
26 the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

27
28     [2] Plaintiff has since updated his address. ECF No. 85.

1    Here, plaintiff has provided no substantive response to defendants' requests for production
2    or interrogatories. *See generally* ECF No. 82-2 at 16-22. In response to defendants'
3    interrogatories, plaintiff states that the information requested is "readily available" to defendants
4    and tells them to refer to his file. *Id.* at 16. The remainder of his answers simply state, "See No.
5    1," "See No. 3," or "See No. 9," directing defendants back to the answer to Interrogatory No. 1
6    and plaintiff's deposition. *See id.* at 16-18. The same is true to defendants' requests for
7    production. *See id.* at 21-22. These responses do not comply with Federal Rules of Civil
8    Procedure. While plaintiff need not engage in an extensive hunt for the requested documents, *see*
9    *L.H.*, 2007 WL 2781132, at *2, he must at least explain to defendants that he took reasonable
10   measures to obtain the documents and could not, or explain why he is withholding the documents.

11   Defendants have carried their burden of demonstrating that the requests for production
12   and interrogatories are relevant, and plaintiff has not explained why his answers are sufficient.
13   *See Blemaster*, 2017 WL 4843241, at *1. While plaintiff contends that he requested two 45-day
14   extensions, there is no such record of those requests on the docket, and defendants deny ever
15   receiving such a request from plaintiff directly. *See* ECF No. 84-3 at 2-3. Moreover, records
16   provided by defendants show that plaintiff has not attempted to obtain the relevant discovery
17   materials since 2022. *See* ECF Nos. 84-1, 84-2. While I appreciate plaintiff's pro se status, he
18   "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d
19   565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 869
20   (9th Cir. 2012) (en banc).

21   As such, plaintiff must provide supplemental responses to defendants' identified requests
22   for production and interrogatories within twenty-one days. Plaintiff's responses must comply
23   with the Federal Rules of Civil Procedure. Plaintiff is warned that failure to comply with this
24   order could result in sanctions being imposed, such as termination of the suit.

**Motion to Appoint Counsel & for a Trial Date**

26   Plaintiff moves for appointment of counsel, generally contending that he needs assistance
27   representing himself in this matter. ECF No. 86. He also asks for the case to be set for trial. *Id.*
28   I will deny both requests.

  District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may ask an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time, and I will deny his motion on this issue. I also deny plaintiff's request to set a trial date because such request is premature.

  Accordingly, it is ORDERED that:

  1. Defendants' motion to compel, ECF No. 82, is GRANTED. I also grant defendants' request for leave to file a motion for terminating sanctions should plaintiff fail to comply with this order.

  2. Plaintiff must file supplemental responses to defendant's requests for production and interrogatories within twenty-one days of this order.

  3. Plaintiff's motion for appointment of counsel and to set a trial date, ECF No. 86, is DENIED.

IT IS SO ORDERED.

Dated: April 29, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE