1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    DARYL ANTHONY HICKS,                    Case No.  2:20-cv-02303-DC-JDP (P)
12                     Plaintiff,
13           v.                               FINDINGS AND RECOMMENDATIONS
14    GOSAI, *et al.*,
15                     Defendants.
16

17           Plaintiff, a state prisoner at the time of filing and since released, filed this action in
18    November 2020, alleging violations of his Eighth Amendment rights.  Now pending is
19    defendants' motion for terminating sanctions, ECF No. 89, wherein they allege that plaintiff's
20    repeated failure to comply with his discovery obligations merits termination of this action.  I
21    agree and recommend that this action be dismissed.
22                              **Procedural History**
23           Plaintiff has repeatedly failed to comply with his discovery obligations.  I denied previous
24    a motion for terminating sanctions from defendants in November 2024, after they alleged that
25    plaintiff had failed to answer discovery requests propounded in October 2023.  ECF Nos. 72, 79.
26    Although I found then that terminating sanctions were unwarranted, I have ordered plaintiff to
27    comply with his outstanding discovery obligations.  On April 29, 2025, I granted defendants'
28    motion to compel, finding that the answers plaintiff had submitted were wholly inadequate.  ECF

                                         1

No. 87.  I directed him to file supplemental responses within twenty-one days.  In their renewed

motion, defendants state that, to date, plaintiff has failed to comply.  ECF No. 89 at 3.

**Analysis**

I now find terminating sanctions appropriate.  I must weigh five factors in determining

whether this heavy sanction is warranted: "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking

sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the

availability of less drastic sanctions."  *Connecticut General Life Ins. Co. v. New Images of*

*Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  Additionally, only willfulness, bad faith, and

fault will justify terminating sanctions.  *Id.*  There is no question that plaintiff is willfully refusing

to engage fully in discovery.  Defendants propounded their discovery in October 2023, and, to

date, plaintiff has failed to answer it despite a court order directing him to do so.

The first factor, the public's interest in expeditious resolution of litigation, weighs in favor

of terminating sanctions.  Plaintiff's refusal to timely and willingly comply with his discovery

obligations has delayed resolution.  This case is nearly five years old but has not advanced toward

resolution because of plaintiff's unwillingness to answer defendants' discovery.  More broadly,

"[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v.*

*Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor, the court's need to manage its dockets, also favors dismissal.

Plaintiff's failure to comply with his discovery obligations has caused the case to be delayed,

required the court to expend judicial resources on issues not related to the substance of plaintiff's

claims, and injected a substantial degree of uncertainty into the course of this litigation.  *See*

*Patagalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("Arguably, Pagtalunan's petition has

consumed some of the court's time that could have been devoted to other cases on the docket. It is

incumbent upon the Court to manage its docket without being subject to routine noncompliance

of litigants such as Pagtalunan.").

The third factor, risk of prejudice to defendants, also favors dismissal.  "In determining

whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the

1  defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."

2  *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).  That is undoubtedly the

3  case here, where plaintiff's failure to comply with his discovery obligations has impaired

4  defendants' ability to prepare for trial and to prepare dispositive motions.  *See*, *e.g.*, *Chism v.*

5  *National Heritage Life Insurance Co.*, 637 F.2d 1328, 1331 (9th Cir. 1981) (overruled on other

6  grounds in *Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir. 1987)) ("Disregard of the

7  discovery process deprived the defendant of needed information, increased its litigation expenses

8  and forestalled its preparation for trial.").

9       The fourth factor, public policy favoring disposition on the merits, cuts, as always, against

10  terminating sanctions.  It lends little support, however, to a litigant who, by his or her own

11  behavior, has impeded disposition on the merits.  *See In re: Phenylpropanolamine (PPA) Prods.*

12  *Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("Thus, we have also recognized that this factor

13  lends little support to a party whose responsibility it is to move a case toward disposition on the

14  merits but whose conduct impedes progress in that direction.") (internal quotation marks

15  omitted).  That is, as noted above, the case here.

16       Finally, the fifth factor, the availability of lesser sanctions, also weighs in favor of

17  dismissal.  Monetary sanctions would be ineffective where, as here, plaintiff is already

18  proceeding *in forma pauperis*.  And no form of evidentiary sanction appears sufficient to deter

19  plaintiff's continued intransigence.  Most importantly, plaintiff was previously and explicitly

20  warned that continued shirking of his discovery obligations could result in this outcome.  ECF

21  No. 87 at 5.

22       In his response to the motion for terminating sanctions, plaintiff argues that, since his

23  release, he is homeless and indigent, and that his mental health has hindered his ability to

24  "operate at full capacity."  ECF No. 93 at 1.  I am not unsympathetic to his plight, but he makes

25  no suggestion that his circumstances are likely to change or that going forward he will fulfill his

26  obligations as a litigant.  The court can give *pro se* litigants leeway and additional time, but it

27  cannot allow them to shrug off the burdens of litigation entirely.  To do so would hinder the

28  court's ability to manage its docket and resolve other cases and would subject defendants to an in-

1   limbo status, in which the case against them persists but never advances.  I note that, attached to

2   his response, defendant has appended several pages of uncontextualized prison records, including

3   grievance forms.  *Id.* at 3-14.  Unsurprisingly, defendants state that these documents are

4   unresponsive to their discovery requests.  ECF No. 96 at 3.

5           Accordingly, I recommend that defendants' renewed motion for terminating sanctions,

6   ECF No. 89, be GRANTED and that this action be dismissed as sanction for plaintiff's failure to

7   comply with his discovery obligations.

8           These findings and recommendations are submitted to the United States District Judge

9   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

10  service of these findings and recommendations, any party may file written objections with the

11  court and serve a copy on all parties.  Any such document should be captioned "Objections to

12  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

13  within fourteen days of service of the objections.  The parties are advised that failure to file

14  objections within the specified time may waive the right to appeal the District Court's order.  *See*

15  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

16  1991).

17

18  IT IS SO ORDERED.

19

20  Dated:   August 18, 2025                          _____

21                                                    JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

4