UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY HICKS,<br><br>   Plaintiff,<br><br>   v.<br><br>GOSAI,<br><br>   Defendant. | Case No.  2:20-cv-2303-DC-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is incarcerated and proceeding without counsel, has filed a motion to alter or amend judgment.[1]  ECF No. 101.  The procedural history of this case is extensive, so I will only review the history intertwined with the court's order closing this action.

In November 2020, plaintiff filed this action alleging that defendants Gosai and Ramme violated his Eighth Amendment rights.  ECF No. 1.  The initial discovery and scheduling order, issued July 5, 2023, set the discovery deadline as December 8, 2023, and the dispositive motion deadline as May 3, 2024.  ECF No. 53.  Following that, defendants filed five motions to modify the scheduling order, ECF Nos. 56, 59, 65, 76, & 94—needed, at least in part, due to plaintiff's

---

[1] Plaintiff filed a notice of appeal on October 14, 2025.  ECF No. 106.  This court, however, has jurisdiction to rule on plaintiff's motion to amend or alter the judgment.  *See* Fed. R. App. P. 4(a)(4)(B)(i); *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (noting that the district court was not divested of jurisdiction when a motion for reconsideration was pending at the time the notice of appeal was filed).

1

failure to engage in discovery—two motions to compel, ECF Nos. 61 & 82, and two motions for terminating sanctions, ECF No. 72 & 89.

With respect to the first motion for terminating sanctions, defendants argued that plaintiff failed to respond to discovery propounded October 6, 2023. ECF No. 72-1 at 1-2. After receiving no response from plaintiff, defense counsel provided plaintiff with an unsolicited extension of time to November 30, 2023. *Id.* at 2. Defendants did not receive responses from plaintiff by his deposition on December 7, 2023. *Id.* Due to technical difficulties, the deposition did not go forward that day, but on the record, plaintiff told defense counsel that he received the discovery requests and would provide responses. *Id.* Defense counsel sent plaintiff a letter on December 13, 2023, which provided plaintiff with another extension to January 18, 2024, to serve his responses. *Id.*

On January 8, 2024, plaintiff filed with the court a document titled "Response of Deposition," however, the document did not contain discovery responses. *Id.* at 3; *see* ECF No. 58. On January 18, 2024, at plaintiff's rescheduled deposition, he again agreed to provide discovery responses. ECF No. 72-1 at 3. On February 14, 2024, after defendants had not received responses from plaintiff, defense counsel sent plaintiff another meet and confer letter, which provided plaintiff another week to file his responses. *Id.*

After not receiving any correspondence from plaintiff about his outstanding discovery responses, defendants filed a motion to compel on March 11, 2024. ECF No. 61. Plaintiff did not file an opposition or statement of non-opposition. In light of plaintiff's numerous extensions of time and his repeated failures to engage in discovery, the court granted defendants' motion and ordered plaintiff to provide discovery responses within twenty-one days of June 5, 2024. ECF No. 71. In that order, the court reminded plaintiff that each party has an obligation in litigation to respond to properly propounded discovery requests and if a party chooses to ignore that obligation, the court has the authority to impose certain sanctions—including dismissal. Fed. R. Civ. P. 37(d)(1)(A), (d)(3). The court also informed plaintiff that his pro se status does not excuse intentional noncompliance with discovery rules and court orders. *See Lindstedt v. City of*

1    *Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (affirming sanction of dismissal, holding that "[a] pro
2    se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of
3    simple requirements of discovery"); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994)
4    (holding that district court could not decline to impose any sanction for violation of Fed. R. Civ.
5    P. 11 simply because plaintiff was proceeding pro se). Finally, the court indicated that should
6    plaintiff fail again to engage productively in the discovery process, it would consider the sanction
7    of dismissal. *See Gordon v. Cnty. of Alameda*, 2007 WL 1750207, at *5 (N.D. Cal. June 15,
8    2007) ("[P]ro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad
9    faith dismissal is warranted.").

10   　　I ultimately denied defendants' motion for sanctions because plaintiff had eventually
11   responded to defendants' discovery request. ECF No. 79. However, I granted defendants the
12   opportunity to review plaintiff's new discovery responses and to file a motion to compel should
13   they deem the responses deficient. *Id.* Defendants later filed a motion to compel, which I granted
14   on April 29, 2025. ECF No. 87. I found that defendants had carried their burden of
15   demonstrating that the requests for production and interrogatories were relevant, and plaintiff had
16   not explained why his answers were sufficient. *Id.* I ordered plaintiff to provide supplemental
17   discovery responses within twenty-one days. *Id.*

18   　　Plaintiff did not comply with April 29, 2025 order, and defendants renewed their motion
19   for terminating sanctions. ECF No. 89. Plaintiff sought additional time to comply with the April
20   29 order, which I granted in part, providing plaintiff until June 26, 2025 to comply with the April
21   29 order. ECF No. 90. Defendants maintained in their July 17, 2025 reply to their motion for
22   terminating sanctions that plaintiff still had not served them with any discovery responses. ECF
23   No. 96. Accordingly, on August 18, 2025, I recommended that defendants' motion for
24   terminating sanctions be granted. ECF No. 97. The court adopted that recommendation in full on
25   September 29, 2025, and closed this action. ECF No. 101. The same day, plaintiff filed the
26   pending motion to amend the judgment.[2] ECF No. 103.

27
28   　　　[2] Plaintiff signed the motion on September 24, 2025, titling it, "Motion to Amend Magistrate Judgement (sic)." ECF No. 103 at 1. It is unclear whether plaintiff seeks to amend

3

1    There are four basic grounds upon which a Rule 59(e) motion may be granted: "(1) if such
2    motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if
3    such motion is necessary to present newly discovered or previously unavailable evidence; (3) if
4    such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an
5    intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.
6    2011). However, "amending a judgment after its entry [is] an extraordinary remedy which should
7    be used sparingly." *Id.* (citation and internal quotation marks omitted). Further, a Rule 59(e)
8    motion "may not be used to relitigate old matters, or to raise arguments or present evidence that
9    could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S.
10   471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and
11   Procedure*, § 2810.1 (2d ed.1995)).

12   Plaintiff has not identified a valid basis for amending the court's judgment. Plaintiff
13   argues that he was released from prison in January, but was re-arrested on August 13, 2025, and
14   has not had access to the law library or writing materials since his re-arrest.[3] ECF No. 103.

15   At bottom, plaintiff's motion does not identify new evidence, present new argument, or
16   support a finding that the court committed clear error in reaching this conclusion. Moreover,
17   plaintiff filed objections to the August 18 findings and recommendations, and the court
18   considered them. His motion, therefore, should be denied. *See Witkin v. Wagner*, No. 2:20-cv-
19   0267-WBS-CKD (PC), 2022 WL 3371697, at *1 (E.D. Cal. Aug. 16, 2022) (denying the
20   plaintiff's motion to alter or amend judgment, observing that the plaintiff's "motion rehashes the
21   arguments that he raised in his Objections to the Magistrate Judge's Findings and
22   Recommendations," and noting that "[t]hese arguments were considered by this court prior to
23   entering judgment").

---

the August 18 findings and recommendations or the September 29 judgment. If plaintiff intends to amend the findings and recommendations, he already had the opportunity to so in his previously filed objections, ECF No. 97, which were considered by the court. ECF No. 101.

[3] While plaintiff argues that he has not had access to the law library and that obtaining writing materials and postage is almost impossible, plaintiff filed objections, a motion to compel, and a motion for the appoint of counsel on September 24, 2025, while he was in custody. ECF Nos. 98, 99, 100.

4

Accordingly, it is hereby RECOMMENDED that plaintiff's motion to amend the judgment, ECF No. 103, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 22, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5